**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Borger, et al., | No. CV-23-08052-PCT-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Polaris Industries Incorporated, et al., | |
| Defendants. | |

Plaintiffs Sherri and John Borger initiated this action by filing a complaint in state court. Defendant Polaris Industries Inc. then removed the action to this Court, asserting that the other listed Defendant—Plaintiffs' son Foster Borger—was fraudulently joined to defeat diversity jurisdiction. (Doc 1). Now before the Court is Plaintiff's Motion to Remand. (Doc. 7). For the following reasons, the Court grants Plaintiff's Motion.

**I.  BACKGROUND**

In October 2016, John and Sherri rented a 2017 Polaris RZR, an off-road vehicle manufactured by Defendant Polaris. (Doc. 1-5 at 6). While Foster was driving, the vehicle rolled onto its right side, causing significant injuries to Sherri's arm. (Id. at 6-7). Eventually, her arm had to be amputated. (Id. at 7).

Plaintiffs then brought claims against Polaris in the District Court of Clark County, Nevada.[1] (Id. at 7). However, in August 2020, the court dismissed the case for forum non

---

[1] Plaintiffs filed documents from the Nevada case as exhibits. The Court takes judicial notice of these. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." (quoting MGIC Indem. Corp. v. Weisman,

conveniens. (Id. at 7, 22-24). In the order, the court stated the following:

> **IT IS FURTHER ORDERED** that Plaintiffs may refile this action in the adequate alternative forum of Arizona; that Polaris waives any statute of limitations defense, *forum non conveniens* argument, or jurisdictional argument that may be available to it in Arizona; that interrogatories, request for admission, and depositions taken and documents produced during the pendency of this case in Nevada may be used by the parties in there-filed case; and that Polaris waives formal service of process requirements for the re-filed case-Polaris's counsel can and will accept service of the new complaint, should Plaintiffs choose to refile.

(Id. at 6, 23). After Plaintiffs exhausted their attempts to obtain appellate relief, they filed this suit in the Superior Court of the State of Arizona, in the County of Mohave, bringing claims against Polaris for strict product liability, breach of warranty, and negligent design and marketing and against Foster for negligence. (Id. at 3, 7-11).

Polaris then removed the action to this Court, alleging that the case meets diversity jurisdiction requirements because Foster, who is a citizen of California, like his parents, was joined fraudulently. (Doc. 1 at 2-3, 6). Plaintiffs filed a Motion to Remand, (Doc. 7), which is fully briefed, (see Docs. 10, 12), and presently before the Court.

**II.   LEGAL STANDARD**

A civil matter may be removed to federal district court where the federal court would have subject matter jurisdiction over that action. See 28 U.S.C. § 1441. The removing party bears the burden of establishing jurisdiction. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If "the federal court lacks jurisdiction, [] 'the case shall be remanded.'" Martin v. Franklin Cap. Corp., 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). "[A]ny doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009)

**III.   DISCUSSION**

Plaintiffs first argue that the case should be remanded because the Nevada court order required Polaris to waive affirmative defenses and jurisdictional arguments. Because

---

803 F.2d 500, 504 (9th Cir. 1986))); see also McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.").

this issue is dispositive of the motion and the Court agrees that Polaris is barred from asserting the jurisdictional argument it brings to support removal, the Court will not address the parties' other arguments.

A defendant can waive its rights. See, e.g., Day v. McDonough, 547 U.S. 198, 207-08 (2006) (waiver of statute of limitations defense); Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1091 (9th Cir. 2018) (waiver of right to challenge jurisdiction); Resol. Tr. Corp. v. Bayside Devs., 43 F.3d 1230, 1240 (9th Cir. 1994) (waiver of right to remove). One method of waiver is waiver by court order. See Riley v. Boeing Co., 2020 WL 3119063, at *7, 2020 U.S. Dist. LEXIS 103384, at *19-20 (W.D. Wash. June 12, 2020). To interpret a court order, courts look to intent and the plain language of the order.[2] See Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999); Farmers Ins. Exch. v. Neal, 64 P.3d 472, 473 (Nev. 2003); Premier Physicians Grp., PLLC v. Navarro, 377 P.3d 988, 990 (Ariz. 2016).

Plaintiffs' waiver arguments are based on two specific phrases in the Nevada court's order. The order states in relevant part that Polaris must waive "any statute of limitations defense . . . or jurisdictional argument that may be available to it in Arizona." (Doc. 1-5 at 6, 23).

**1.   Statute of Limitations Language**

First, the Court addresses how the statute of limitations language should be read. Plaintiffs argue that the Nevada court order requires Polaris to waive any "statute of limitations . . . argument." (Doc. 12 at 2 n.1). This is incorrect.

Take the following sentence: She ate an orange, a banana muffin, and an apple muffin. An ordinary English user would think that the subject ate a banana muffin, an apple muffin, and an orange—not an orange muffin. The writer specified that "banana" and "apple" are types of muffins by placing "muffin" immediately after these two fruits. Thus, the writer, by *not* placing "muffin" next to "orange" indicates that "orange" does not

---

[2] The parties do not argue whether Nevada, Arizona, or federal law applies to interpret the Nevada court's order. Because the parties did not address this issue and because all three follow the similar rules of construction and the outcome remains the same, the Court will not address what law applies.

modify "muffin"—that is, "orange" is not a type of muffin.

And here, just like the presence of "muffin" next to "banana" and "apple" indicates that the omission of "muffin" next to "orange" was purposeful, the presence of "argument" next to "*forum non conveniens*" and "jurisdictional" demonstrates that the Nevada court's omission of "argument" next to "statute of limitations defense" was also purposeful. So the orange is just an orange, and the statute of limitations defense is just a statute of limitations defense. Accordingly, the better reading of the order is that Polaris was only required to waive "any statute of limitations defense"—not any statute of limitations argument.

Turning to the application of the language, Polaris argues that it was only required to waive its own statute of limitations defense. The Court agrees.

A statute of limitations defense is personal to the holder, and a party cannot waive a right that does not belong to it. Graham v. Foster, 893 N.W.2d 319, 321 nn.2 & 3 (Mich. 2017) (listing cases). The Nevada court presumably understood this legal doctrine. If, like Plaintiffs argue, the Nevada court intended for its statute of limitations language to require Polaris to waive any argument related to a statute of limitations for another party, it would have specified so. But the court did not. Thus, based on the plain meaning of the statute of limitation language in the Nevada court's order, Polaris was only required to waive its own statute of limitations defense.[3]

As support for their position, Plaintiffs cite to statements made by Polaris's counsel, asserting, in part, that Polaris understood it was waiving more than its own statute of limitations defense or other affirmative defenses. (Doc. 7 at 6). But those statements do not indicate that Polaris and its counsel thought that an order requiring Polaris to waive a statute of limitations defense meant anything other than waiving its own statute of limitations defense. Polaris's counsel repeatedly referred to the statute of limitations *defense*, (Id.; Doc. 7-2 at 41-42), and, as Polaris points out, Foster was not a party to litigation at that

---

[3] Polaris also uses the "available to it" language in the Nevada order to argue that Polaris was only required to waive its own statute of limitations defense. (Doc. 10 at 9). Because the Court agrees with Polaris's interpretation of the statute of limitations language even without the "available to it" language, the Court declines to address this additional argument.

point, so it is unlikely that counsel had Foster's statute of limitations in mind at the time the statements were made.

The parties also argue over the significance of Riley v. Boeing, a nonpublished case from the Western District of Washington. In Riley, a defendant, Boeing, removed the case to federal court and argued that a non-diverse defendant was fraudulently joined because the claims brought against the non-diverse defendant were barred by the statute of limitations. 2020 WL 3119063, at *7, 2020 U.S. Dist. LEXIS 103384, at *19. However, before the case was filed in Washington, an Illinois court dismissed the same case based on forum non conveniens grounds and held that "Boeing shall . . . waive any argument based on a statute of limitations defense." Id. Based on this language, the Washington court found that Boeing's waiver of "*any argument* based on *a* statute of limitations defense" precluded Boeing from bringing a statute of limitations argument to remove the case. Id. at 20 (emphasis in original).

But unlike Boeing in Riley, here, Polaris did not waive any statute of limitations *argument*; it waived any statute of limitations *defense*. Because of the difference in language, this case is distinguishable from Riley.

Thus, for the reasons above, the statute of limitations language in the Nevada court's order does not require Polaris to waive the statute of limitations argument Polaris brings here.

### 2. Jurisdictional Argument Language

Next, Plaintiffs argue that Polaris waived bringing any jurisdictional argument and consequently cannot remove this case. The Court agrees with Plaintiffs that Polaris is barred from asserting jurisdictional arguments, including the argument Polaris brings here.

"'Jurisdiction' refers to 'a court's adjudicatory authority,'" and "[a]ccordingly, the term 'jurisdictional' properly applies" to subject matter jurisdiction and personal jurisdiction. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160-61 (2010) (quoting Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). Any attempt to remove an action to federal court is necessarily a jurisdictional argument because the removing party is arguing that

the federal court has subject matter jurisdiction over the action. See 28 U.S.C. § 1441.

Here, in Polaris's attempt to remove this matter, and subsequent attempt to justify the removal, it brings a jurisdictional argument available to it, that is, that removal is proper because the Court has diversity jurisdiction over this case due to fraudulent joinder.[4] The Nevada court expressly ordered Polaris to waive jurisdictional arguments. Thus, based on the plain meaning of the language in the order, Polaris is precluded from making this argument, and the Court must remand this case.

Additionally, as Plaintiffs point out, statements made by Polaris's counsel indicate that Polaris itself understood that if the Nevada court dismissed the case, the case would be re-filed and decided by an Arizona court. (Doc. 7-2 at 23 ("[T]his is the perfect time to move this case . . . to Arizona. Where Arizona can apply its own law. Arizona can look out for its own interests.")); (Doc. 7-2 at 42 ("[W]e are not going to challenge things if you dismiss [the case] and they file it in Arizona.")).

Polaris does not address the jurisdictional argument language. The most generous interpretation of Polaris's arguments (or lack of) is that by failing to specifically address this language, Polaris implies the jurisdictional language does not have a separate meaning from the statute of limitations language. (Doc. 10 at 8 ("The only thing the order contemplates is Polaris waiving the statute of limitations that is available to Polaris.")). However, to the extent that Polaris makes this argument, the Court finds it unavailing because this interpretation would render the jurisdictional argument language superfluous. See Pauma Band of Luiseno Mission Indians of Pauma & Yuima Rsrv. v. California, 813 F.3d 1155, 1170 (9th Cir. 2015) ("An interpretation which gives effect to all provisions of the contract is preferred to one which renders part of the writing superfluous, useless or inexplicable." (quoting 11 Williston on Contracts § 32:5 (4th ed. 2015)); Bielar v. Washoe Health Sys., 306 P.3d 360, 364 (Nev. 2013) ("A court should not interpret a contract so as to make meaningless its provisions." (quoting Musser v. Bank of Am., 964 P.2d 51, 54

---

[4] The Ninth Circuit acknowledges that fraudulent joinder specifically is a jurisdictional doctrine. See GranCare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018) (contrasting the legal standard for fraudulent joinder, "a jurisdictional inquiry," with the legal standard for Rule 12(b)(6)).

- 6 -

(Nev. 1998))); Paulden Indus. LLC v. Big Chino Materials LLC, 471 P.3d 653, 657 (Ariz. App. 2020) ("A contract should not be interpreted in a way that renders parts of it superfluous.").

### III. EXPENSES AND ATTORNEY FEES

Plaintiffs ask for an award of its expenses and attorney fees under 28 U.S.C. § 1447(c). A court may award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capitol Corp., 546 U.S. 132, 141 (2005). There is no objectively reasonable basis for removal if removal is "clearly foreclosed." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066-67 (9th Cir. 2008).

The Court finds that Polaris had no objectively reasonable basis for removal. The Nevada court, in plain language, required Polaris to waive jurisdictional arguments. Tellingly, in its brief, Polaris did not address the jurisdictional argument language.

Polaris argues that Plaintiffs do not cite to any legal authority addressing an analogous situation to the one here. However, the standard for awarding fees is not whether there is an analogous case but whether removal was objectively reasonable.

Additionally, the case cited by Plaintiffs to support a fee award, Ecoshield Pest Sols. N. DC LLC v. Dixon, 2022 WL 2117844, 2022 U.S. Dist. LEXIS 105135 (D. Ariz. June 13, 2022), does have helpful similarities to this case. In Ecoshield, the court granted a motion to remand and awarded attorney fees because a contract existed between the parties that contained a forum selection clause wherein the parties agree to submit claims to a state court. 2022 WL 2117844, at *1-3, 2022 U.S. Dist. LEXIS 105135, at *2-8. Thus, in Ecoshield, the defendant was required to follow a forum selection clause, and here, Polaris is required to follow the Nevada court order that waived jurisdictional arguments. See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.'" (quoting United States v. Mine Workers, 330 U.S. 258, 293 (1947)).

The remainder of Polaris's arguments against awarding fees hinges on its fraudulent

joinder argument. Because Polaris is barred from asserting jurisdictional arguments, regardless of the merits of its fraudulent joinder argument, the Court finds Polaris's fee arguments and supporting cases unpersuasive.

Though the Court finds that Plaintiffs are entitled to costs and attorney fees under § 1447(c), Plaintiffs have not established its attorney fees are reasonable. Plaintiffs may file a motion or stipulation in compliance with LRCiv 54.2 to establish the reasonableness of its fees.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiffs' Motion to Remand. (Doc. 7).

**IT IS FURTHER ORDERED** that except for any potential motions for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are **remanded** to the Superior Court of the State of Arizona, in the County of Mohave.

**IT IS FURTHER ORDERED granting-in part** Plaintiffs' request for attorney fees—only to the element of entitlement. Plaintiffs must establish other requirements by motion or stipulation pursuant to LRCiv 54.2. The motion or stipulation for attorney fees must be accompanied by an electronic spreadsheet, to be e-mailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e). Any response to the motion shall also be accompanied by an electronic spreadsheet, clearly pointing out objections, to be e-mailed to the Court and opposing counsel. Neither spreadsheet relieves the parties of the requirements under LRCiv 54.2.

**IT IS FURTHER ORDERED denying as moot** Defendant Foster Borger's Motion to Dismiss, (Doc. 13), and Plaintiffs' Motion for Extension, (Doc. 15). These Motions are now for the state court to decide.

Dated this 11th day of August, 2023.

Honorable Stephen M. McNamee
Senior United States District Judge